AO 93 (Rev. 11/13) Search and Seizure Warrant (USAO CDCA Rev. 04/17)

# UNITED STATES DISTRICT COURT
for the
Central District of California

ORIGINAL

In the Matter of the Search of

2523 W. 74th Street, Los Angeles, California 90043

*(Briefly describe the property to be searched or identify the person by name and address)*

) ) ) ) ) ) ) )

Case No. 18-MJ-3280

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for___days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 12/13/18 12:15 p.m.   _Patrick J. Walsh_
                                             *Judge's signature*

City and state:   Los Angeles, CA   Honorable Patrick J. Walsh
                                    *Printed name and title*

AUSA: Michael G. Freedman x 0631

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 2:SC-SI-7012991 | Date and time warrant executed: 12/14/2018 at 5:45 am | Copy of warrant and inventory left with: Danielle Bradford at residence |
| Inventory made in the presence of : Danielle Bradford |||
| Inventory of the property taken and name of any person(s) seized: <br><br> Plastic bag containing suspected MDMA pills <br><br> *[signature]* Parker FBI |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

FD-886 (Rev. 2-29-08)

# EVIDENCE RECOVERY LOG
*PRINT LEGIBLY*

## GENERAL INFORMATION

DATE: 12/14/2018
CASE ID: 245C-51-7012991
LOCATION: 2523 West 74th Street, Los Angeles, CA
PREPARER/ASSISTANTS: SA Dennis An

## PERSONNEL (Include Initials)

An, Cabrera, Hilker, Bromley, Ramsey, Lim, Persaud, To, Nguyen, Harris, Moser, Hernandez, Alwa, Bennett, Miller, Mayer, Pass

| ITEM # | DESCRIPTION | WHERE FOUND | RECOVERED BY / OBSERVED BY (Last name) | PACKAGING METHOD | COMMENTS (if needed) |
|---|---|---|---|---|---|
| 1 | Plastic Bag containing pills resembling MDMA | Under detached garage (Room L) | A. Bromley | | |

PAGE 1 OF 1

Case 2:18-mj-03280-DUTY   Document 3   Filed 01/30/19   Page 4 of 13   Page ID #:170
Case 2:18-mj-03280-DUTY *SEALED*   Document 1-1 *SEALED*   Filed 12/13/18   Page 3 of 42
Page ID #:44

## ATTACHMENT A

### PREMISES TO BE SEARCHED

The premises located at 2523 W. 74th Street, Los Angeles, California 90043 (the "Subject Premises"). The SUBJECT PREMISES is a single family residence with white siding, blue tri, and a concrete porch leading up to a white door in front of the residence, and with the numbers 2523 on the curb.

1

Instrumentality Protocol

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

**I.  ITEMS TO BE SEIZED**

1.  Fruits, evidence, and instrumentalities of violations of f Title 21, United States Code, Sections 841(a)(1) and 846, Distribute and Possess with Intent to Distribute a Controlled substance, and Title 18, United States Code, 1956(h) and Conspiring to Commit a Money Laundering offense(collectively the "SUBJECT OFFENSES") namely:

   a.  Methamphetamine and other controlled substances;

   b.  Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies, and spoons;

   c.  Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchasing, and distribution of controlled substances;

   d.  Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking;

   e.  Photographs, in particular photographs of co-conspirators, of assets, and/or of controlled substances;

Instrumentality Protocol

    f. United States Currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of cocaine, or which are proceeds from the distribution of cocaine;

    g. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

    h. Papers, tickets, notes, schedules, receipts and other items relating to travel or transportation, including, but not limited to, travel to and from Belleville, Illinois, and elsewhere;

    i. Any and all records or documents evidencing possession, use, or ownership of the premises to be search or property to be seized, including but not limited to, utility, telephone and internet service bills, cancelled envelopes, mail, rental payments, or housing agreements;

    j. Firearms and/or weapons; and

    k. Security systems, cameras, cables, recording devices, monitors, and other video surveillance equipment.

    l. devices and which relate to the above-named violations;

m. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense/s, and forensic copies thereof.

n. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment of other devices;

iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v. evidence of the times the device was used;

vi. passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and

manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii. records of or information about Internet Protocol addresses used by the device;

    ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

 2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

 3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to

store digital data (excluding analog tapes such as VHS); and security devices.

**SEARCH PROCEDURE FOR DIGITAL DEVICES**

    4.    In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

        a.    Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

        b.    The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

            i.    The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to

determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

        ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

        iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

    d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

    e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

    f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling

within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

       g.   The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

       h.   After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    5.   In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

       a.   Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

       b.   Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

       c.   Any magnetic, electronic, or optical storage device capable of storing digital data;

8

Instrumentality Protocol

  d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

  e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

  f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

  g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  6. During the execution of this search warrant, law enforcement is permitted to: (1) depress AKWABOAH's thumb- and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of AKWABOAH's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in <u>Graham v. Connor</u>, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

Instrumentality Protocol

The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.